IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1998 SESSION

FILED

June 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 03C01-9705-CR-00172 |
| | ) | |
| Appellee, | ) | SULLIVAN COUNTY |
| | ) | |
| VS. | ) | HON. R. JERRY BECK, |
| | ) | JUDGE |
| JOE W. RUTHERFORD, | ) | |
| | ) | (Public Intoxication, Resisting |
| Appellant. | ) | Arrest, Interfering With an Arrest) |


**FOR THE APPELLANT:**

ROBERT CHAD NEWTON
**(At Trial)**
800 Anderson Street
Kingsport, TN  37617

RAYMOND C. CONKIN, JR.
**(On Appeal)**
320 Cherokee Street, Suite B
Kingsport, TN  37660

**FOR THE APPELLEE:**

JOHN KNOX WALKUP
Attorney General and Reporter

TODD R. KELLEY
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

H. GREELEY WELLS, JR.
District Attorney General

JOSEPH EUGENE PERRIN
Assistant District Attorney General
P.O. Box 526
Blountville, TN  37617-0526


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

# OPINION

The defendant, Joe W. Rutherford, was convicted after a bench trial of public intoxication, a Class C misdemeanor; resisting arrest, a Class B misdemeanor; and interfering with an arrest, a Class B misdemeanor. On appeal, defendant challenges the sufficiency of the convicting evidence for each of his convictions. After a thorough review of the record before this Court, we affirm the judgment of the trial court.

## I

At approximately 10:30 p.m. on August 17, 1995, Sullivan County Deputy Michael Rutherford responded to a call that an intoxicated woman was walking down Second Avenue in Bristol, Tennessee. The woman, Kathy Elmore, was walking with two (2) young children and was "very belligerent" and "couldn't stand up on her feet." Rutherford sent one of the children to find an adult who could take Elmore home. Elmore persisted in yelling at Officer Rutherford and calling him names, so Rutherford handcuffed Elmore and placed her under arrest for public intoxication. Rutherford called for another patrol car to transport Elmore to jail.

After several minutes passed, defendant and Lloyd Hall approached. Defendant, who was romantically involved with Elmore at the time, demanded to know what was happening. Officer Rutherford testified that defendant had bloodshot eyes and appeared to be very intoxicated as well. Despite Officer Rutherford's repeated orders for defendant to step away from Elmore and leave the scene, defendant refused. Rutherford testified, "[a]t one point, he did say that, that I was not going to take him, take her to, to jail." When the defendant reached his hand out as if to grab either Officer Rutherford or Elmore, Rutherford attempted to restrain defendant. Defendant jerked away and would not put his hands behind his back. Rutherford sprayed defendant with pepper spray and the two struggled. Finally, Rutherford was able to hold defendant on the ground while he waited for

2

backup.

Nita Darlene Gragg, a resident of the neighborhood, witnessed the incident. She testified that defendant appeared intoxicated because he was talking loudly and staggering. She stated that Officer Rutherford asked the defendant to leave, but defendant continued to stand "in [Rutherford's] face." She further testified that when Rutherford attempted to restrain defendant, defendant pulled away. She stated that Rutherford and defendant struggled for several minutes before Rutherford was able to subdue defendant.

Defendant testified on his own behalf. Defendant testified that Officer Rutherford was "swinging [Elmore] around" when he arrived on the scene. Defendant stated he was merely trying to calm Elmore down. Defendant denied provoking the officer and claimed that Officer Rutherford sprayed him "out of the blue." Defendant denied having anything to drink that night and stated that he did not intend to interfere with Elmore's arrest, nor did he intend to resist arrest.

Lloyd Hall also testified for the defense. He testified that defendant did not appear to be intoxicated and spoke rationally. Hall acknowledged that, although the officer repeatedly asked the defendant to back away from him and Elmore, the defendant refused.

The trial court found defendant guilty of public intoxication, resisting arrest and interfering with an arrest.[1] Defendant's appeal is now properly before this Court.

II

---

[1] Defendant was also charged with one (1) count of disorderly conduct and one (1) count of possession of a prohibited weapon; to wit, "knuckles." The state dismissed the disorderly conduct charge and the trial court acquitted defendant of the possession of a prohibited weapon charge.

## A. Standard of Review

Defendant contends that the evidence is insufficient to support his convictions for public intoxication, resisting arrest and interfering with an arrest. When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this Court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995). In a bench trial, the verdict of the trial judge is entitled to the same weight on appeal as that of a jury verdict. State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978); State v. Frahm, 737 S.W.2d 799, 800 (Tenn. Crim. App. 1987).

## B. Public Intoxication

Public intoxication is defined as "appear[ing] in a public place under the influence of a controlled substance or any other intoxicating substance to the degree that: (1) [t]he offender may be endangered; (2) [t]here is endangerment to other persons or property; or (3) [t]he offender unreasonably annoys people in the vicinity." Tenn. Code Ann. § 39-17-310(a).

Officer Rutherford testified that defendant appeared to be intoxicated and had bloodshot eyes. Even though the officer asked the defendant to leave the scene, he persisted in standing close to the officer in a threatening manner. Gragg also testified that defendant appeared to be very intoxicated, was talking loudly and staggering. She also testified that defendant stood close to the officer despite the officer's repeated attempts to persuade the defendant to leave him and Elmore

4

alone.

Although Hall and defendant testified that defendant was not intoxicated on the date of the incident, the trial court accredited the testimony of the state's witnesses in this regard. Questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Tuttle, 914 S.W.2d at 932. We find that the evidence is sufficient to find the defendant guilty of public intoxication.

This issue is without merit.

### C. Interfering With an Arrest

Tenn. Code Ann. § 39-16-602(a) provides that it is an offense to "intentionally prevent or obstruct anyone known to the person to be a law enforcement officer . . . from effecting a[n] . . . arrest . . . of any person . . . by using force against the law enforcement officer." When defendant arrived at the scene, the officer informed him that he was arresting Elmore for public intoxication. Although the officer asked defendant to leave, defendant persisted in standing close to the officer in a threatening manner. Defendant then told Officer Rutherford that he was not going to allow the officer to take Elmore to jail and reached his arm out as if to grab Elmore or the officer. Although defendant contends that there is no evidence that he used force to prevent the officer from arresting Elmore, a rational trier of fact could conclude otherwise. We find that the evidence is sufficient to support defendant's conviction for interfering with an arrest.

This issue has no merit.

### D. Resisting Arrest

Resisting arrest is defined as "intentionally prevent[ing] or obstruct[ing] anyone known to the person to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at such officer's direction, from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another." Tenn. Code Ann. § 39-16-602(a).

5

In the present case, defendant refused to comply with the officer's requests to leave Elmore alone. When he reached his arm out to grab the officer or Elmore, Officer Rutherford informed the defendant that he was under arrest. When the officer tried to restrain defendant, defendant tried to pull away from the officer. The officer was forced to use pepper spray to subdue the defendant, but defendant continued to struggle with the officer.

Although defendant testified that he did not intend to resist arrest, a rational trier of fact could conclude otherwise. The evidence was sufficient to support defendant's conviction for resisting arrest.

This issue is without merit.

## III

After a thorough review of the record before this Court, we find that the evidence is sufficient to support defendant's convictions for public intoxication, interfering with an arrest and resisting arrest. Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**


_____
**JOSEPH M. TIPTON, JUDGE**


_____
**CURWOOD WITT, JUDGE**